CENTRAL TRUST Co. and another *v.* TEXAS. & ST. L. RY. Co. and others.[1]

*(Circuit Court, E. D. Missouri.* June 24, 1885.)

RAILROAD MORTGAGES — FORECLOSURE SUITS — DELAY IN ANSWERING DEFENSE BY BONDHOLDER.

> Where a foreclosure suit was instituted against a railroad company, and a receiver was appointed, with the defendant's consent, and intervening claims were adjudicated, and the road was run at a loss by the receiver, and receiver's certificates were issued for the preservation of the property, and after the defendant had been refused leave to file an answer, and more than 16 months after the receiver's appointment, and when the court was about to close the whole case, a bondholder appeared, and without any tender on his part to become responsible for what had occurred, or what might from his delay thereafter occur, stated that there had been no default when the foreclosure suit was instituted, and asked leave to appear and defend, *held,* that his position was no better than that of the defendant, and that his application could not be granted.

In Equity.

The course followed by the defendant herein is explained in the opinions delivered upon applications for leave to file an answer, reported in 23 FED. REP. 846, and *ante,* 151. The applications of the defendant having been denied, Mr. Bagnell now appears and states in substance that he holds bonds of the defendant; that the foreclosure suit was instituted without any default on the defendant's part in the payment of interest or otherwise; that a sale of the road would result in a great loss to the bondholders; and that an application by the defendant for leave to file an answer has been refused; wherefore Mr. Bagnell asks leave to appear and defend.

*Jeff. Chandler,* for Bagnell.

*Eleneious Smith* and *Butler, Stillman & Hubbard,* for complainant.

*Dyer, Lee & Ellis,* for defendant.

[1]Reported by Benj. F. Rex, Esq., of the St. Louis bar.

TREAT, J.  This application has been presented on the hypothesis that the defendant corporation had not appeared, or through default had not been allowed to appear.  At the request of the court it has been presented before the decision of the application made by the defendant corporation itself, in order that the whole subject might be fully considered at the same time.  As intimated in the opinion heretofore given, individual stockholders or bondholders who are not content with the action had in their behalf by their trustees or others charged with their interest, should take, with due diligence, for their individual protection, the course required in such cases, becoming individually responsible for the consequences of the litigation.  The views stated in *Hawes* v. *Oakland,* 104 U. S. 450, and the rule of the supreme court consequent thereon, fully indicate what should be done in all such cases.  There may be many technical considerations why, at this stage of the proceeding, said individual applicant should not be permitted to appear and defend in the form by him presented.  The court wishes, however, to place its decision on broader grounds.  The defendant corporation, of which he was a shareholder, and the trustee representing his bonded interests, have been before the court for 16 months, assenting to and causing its action.  At this time, when the court is about finally to close the whole case, there is no equity, under any allegations by him made to justify his appearance for and instead of the railroad and trust corporations, to open and prolong a litigation to the apparent injury of all concerned, without a tender on his part to become responsible either for what has occurred or what from his delay may hereafter occur.  The records of this court show that the continuance of the receivership involves constant loss to the bondholders and others as to their dues.  At whose expense, therefore, is said railroad to be necessarily operated hereafter?  His position, therefore, after the long delay named, is no better than that of the corporation itself.

Application denied.