W. O. Smith, for defendant.

---

## HAWAIIAN COMMERCIAL AND SUGAR COMPANY. *vs.*

## WAIKAPU SUGAR COMPANY. Bill for Partition.

## G. W. MACFARLANE *vs.* WAIKAPU SUGAR COMPANY.

### Petition for Leave to Defend Above Suit.

IN EQUITY. BEFORE JUDD, C.J.

DECISION RENDERED SEPTEMBER 30, 1891. NOT HITHERTO REPORTED.

A stockholder may be given leave to defend, in his own name and at his own costs, a suit brought against the corporation, where the corporation does not answer and cannot be made by the stockholders to take any corporate action, owing to the shares being held in such proportions that no majority vote can be obtained.

A stockholder who cannot procure corporate action to defend the suit should come in with his answer and ask leave to file it, rather than ask such leave by independent petition.

A stockholder in a defendant corporation should not be allowed to defend the suit in his own name, where he controls the plaintiff corporation.

DECISION OF JUDD, C.J.

I have made the caption in this matter as above, for the reason that the second case is properly ancillary to the former.

In the former case, *Hawaiian Commercial and Sugar Company vs. Waikapu Sugar Company*, service of process upon the Waikapu Sugar Company, defendant, was made upon its president, W. H. Cornwell.

No answer was made by the corporation. Before the return day, however, G. W. Macfarlane filed a petition in equity, asking for leave to defend the said suit in the name and on behalf of said Waikapu Sugar Company. The Waikapu Sugar Company

is made defendant in this case, and process was served upon W. G. Irwin, agent òf the corporation, who is also its treasurer. Then appeared Claus Spreckels, by his attorney-in-fact W. G. Irwin, and moved for leave to appear in this case and plead for his own interest as a stockholder in the Waikapu Sugar Company.

Both the petition of G. W. Macfarlane for leave to appear and defend the suit, and the motion of Claus Spreckels for leave to plead against the petition, contain allegations that satisfy me that the Waikapu Sugar Company, as a corporation, will not act and cannot be made to take corporate action in defending either of these matters by any action of the stockholders. Its condition is anomalous. The company has no directors; the stock is owned, one-half by Macfarlane and one-half by Claus Spreckels or the Hawaiian Commercial and Sugar Company, who is the party bringing the suit for partition.

At this junction of affairs what can be done?

It is well settled that individual shareholders are not, ordinarily, the proper parties to sue or defend on behalf of corporate interests. "If, however, the corporate management fails or refuses to protect or enforce corporate rights after proper requests to do so      *      *      *      a shareholder, in a case where the corporation itself would be entitled to sue and obtain relief, may bring suit on behalf of himself and others in like situation, for the protection or assertion of corporate rights and interests." *Foster vs. Mansfield R. Co.*, 36 Fed. Rep., 628, decided in 1888.

The leading case establishing this doctrine in the U. S. courts is *Dodge vs. Woolsey*, 18 Howard, 331, (1855). In *Davenport vs. Dows*, 18 Wall., 628, (1873) the Court say "that a stockholder may bring a suit when a corportion refuses, is settled in *Dodge vs. Woolsey*, but such suit can only be maintained on the ground that the rights of the corporation are involved." "These rights the individual shareholder is allowed to assert in behalf of himself and his associates, because the directors of the corporation decline to take the proper steps to assert them." "Manifestly the proceedings for this purpose should be so conducted that

any decree which shall be made upon the merits shall conclude the corporation." "This can only be done by making the corporation a party defendant." Here, Dows, a shareholder in the Chicago, Rock Island & Pacific R. R. Co., brought a bill against the City of Davenport, and the demurrer was sustained because the railroad company was not made a party to the bill.

The same Court in 1881, *Hawes vs. Oakland,* 104 U. S., 450, after discussing with disapprobation the frequency with which stockholders' bills were brought, through collusion, in the Federal Courts, and enumerating what must exist as the foundation for such a suit, said "Possibly other cases may arise in which, to prevent irremediable injury. or a total failure of justice, the court would be justified in exercising its powers." Later still, in 1883, the same Court in *Dimpfell vs. O. & M. R. Co.,* says "Grievances, real and substantial, must exist, and before an individual stockholder can be heard he must show, in the language of this court, 'that he has exhausted all the means within his reach to obtain, within the corporation itself. the redress of his grievances or action in conformity to his wishes.'" Citing *Hawes vs. Oakland.*

These strong authorities upon the right of stockholders, in the proper circumstances, to bring suits in their own names are equally conclusive as to the rights of stockholders to defend suits in their own names in similar circumstances.

*Bronson vs. Lacrosse & M. R. Co.,* 2 Wall., 283, confirms this view. Here the Lacrosse & M. R. R. Co. did not appear to the bill, but permitted it to be taken as confessed. Stockholders in the corporation were, as the court say, " irregularly allowed" by the court to appear and answer in the name of the company. But as the defense set up was doubtless the same as that which they would have relied on if they had been admitted simply as stockholders, their answers were regarded as if put in by them in that character. *Brewer vs. Boston Theatre,* 104 Mass., 387., *Brinckerhoff vs. Bostwick,* 99 N. Y., 185, and a mass of other cases are all in accord.

I am referred by petitioner's counsel to a case entitled, *In re Bank of Gibraltar,* Law Reports, 1 Ch. App., 69, as an authority

to sustain their view, that the stockholder should be allowed to defend in the name of the company. Here the court granted the stockholders leave to file a bill in the name of the company against the directors, the petitioners agreeing to indemnify the company against the costs. The company was being wound up. The question whether the stockholders should be allowed to proceed in their own right, or in the name of the company, is not discussed, and the case, as I understand, went off on the construction of the 165th Section of the "Companies Act, 1862."

I have settled in my mind on the authorities that a stockholder has a right to be heard where the corporation of which he is a stockholder is sued and does not answer, and cannot be made by the stockholders to take any corporate action, owing to the shares being held in such proportions that no majority vote can be obtained. The attitude of our case is this: The Waikapu Sugar Company in the partition suit was duly served as a corporation—it will make no defense. The rights of Macfarlane, as owner of one-half of the stock, may be seriously imperilled if no defense is made to the suit. His individual interests a court of equity should regard.

If he, it being impossible for him to procure corporate action to defend the suit, had come in with his answer and asked leave to file it, it would, on the showing now made in his petition, have been granted. I think that an independent petition was unnecessary, but as these are new matters of practice, I prefer to consider it as a petition in the partition suit for leave to defend in his own interest.

The case of Claus Spreckels asking to be heard for his own interest, in the petition of Macfarlane against the Waikapu Sugar Company, stands differently, in my mind. I admit that, under the same circumstances, either of the two stockholders, each owning an equal share of the stock, would have the right to be heard and to defend a suit which their company would not defend. But I fail to see any equity in allowing the Hawaiian Commercial and Sugar Company, or Claus Spreckels as trustee for it, to defend a suit which his very company has brought against the Waikapu Sugar Company. It cannot be allowed to sue and then be allowed to resist the same suit.

I therefore decline to allow the intervention of Claus Spreckels in the second suit, and will grant the petitioner, Macfarlane, the right to defend the partition suit in his own name and at his own cost. Mr. Macfarlane being allowed to appear and defend the partition suit, all the stockholders of the Waikapu Sugar Company, either as plaintiff or defendant, are before the court. The corporation is before the court also; and when the rights of the two stockholders, who own the entire property of the company in this controversy, have been ascertained by the court, the court will have no difficulty in making and enforcing a decree against the corporation, if such shall be found necessary, to protect the rights of either stockholder, or to effectuate any relief to either which may seem appropriate. Costs divided.

*A. S. Hartwell, C. L. Carter, W. F. Frear and L. A. Thurston,* for petitioner.

*F. M. Hatch,* for Claus Spreckels.