OAHU RAILWAY & LAND CO., A CORPORATION, *v.*
JAMES ARMSTRONG.

APPEALS FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 14, 1907.     DECIDED OCTOBER 17, 1907.

HARTWELL, C. J., WILDER, J., AND CIRCUIT JUDGE DE BOLT
IN PLACE OF BALLOU, J.

EQUITY—*practice—intervention.*

> A bill for an injunction having been sustained on appeal from
> a decree dismissing it and the cause remanded for "such further
> proceedings as may be proper not inconsistent with this opin-
> ion," the judge, at the hearing of plaintiff's motion for an in-
> junction, properly denied the defendant's offer of evidence,
> claimed to be a new defense, and also the motion of a person
> interested in the subject matter of the suit to be allowed to
> intervene.

OPINION OF THE COURT BY HARTWELL, C.J.

Upon the plaintiff's appeal from a decree dismissing his bill
to enjoin the defendant from maintaining a certain iron pipe
used for the conveyance of water across Lehua avenue, Pearl
City, Oahu, and under the railroad track of the plaintiff we
held "that the defendant should be enjoined from maintaining
the pipe line in question," reversed the decree and remanded
the cause "for such further proceedings as may be proper not
inconsistent with this opinion." Ante, p. 258. The decision
was rendered February 11 last. The plaintiff thereupon moved
the circuit judge for a decree enjoining the defendant under
penalty of being adjudged in contempt from maintaining the
pipe line. The attorneys for the respective parties appeared
and the motion was heard February 18 and taken under ad-
visement. The defendant offered to prove that after he

acquired the easement to take water across Lehua avenue to the makai end of the premises sold to him by the plaintiff the plaintiff conveyed to Colburn, without reserving the right to take the water over it, the land from and through which the original source of supply was taken and that in view of the change that the defendant afterwards made in the location of the source of supply it was now impossible for him to return to the original ditch or box by virtue of the conveyance made by it to Colburn. Upon objection by the plaintiff the offer was denied. The decree was then signed August 30 but afterwards, on motion of the defendant, was set aside Sept. 20 on the ground that it was inadvertently made. The defendant then renewed his offer of the proof above mentioned to which the plaintiff objected on the ground that the facts were known to the defendant at the time of the trial. The court, September 26, sustained the objection, rejected the offer of proof and made a decree of perpetual injunction from which the defendant appealed. September 10 the plaintiff had moved for an order to show cause why the defendant should not be punished for contempt for failing to obey the perpetual injunction, upon which motion the judge ordered and adjudged on September 17 that the defendant was guilty of a disobedience of the mandate in violating the injunction and giving him thirty days within which to obey it under penalty of being adjudged guilty of contempt but this order appears to have been vacated by the order setting aside the decree. Upon the rejection, September 26, of the defendant's offer of proof, a motion was presented by L. L. McCandless for leave to intervene as a party defendant to protect his interest in the cause, to that end asking leave to file an answer to the plaintiff's bill upon the ground that the defendant, July 13, 1905, conveyed to him by warranty deed a one-half interest in the land described in the defendant's answer and at the same time executed a mortgage to him of his other one-half interest, which mortgage is still held, the deed and mortgage having been recorded July 14, 1905, so that he, McCandless, now holds the entire legal title

to this land; that the facts on which he is advised that he has a good defense to the matters alleged in the bill are that the plaintiff in June, 1906, consented to, changed and lowered the grade of Lehua avenue and removed the wooden box through which the defendant originally took the water for irrigating the land in question so that it is now impossible for the defendant or for McCandless to return to the former location for the water supply and that the granting of the injunction would do irreparable injury to the land and to his interest therein.   The motion was denied and appeals taken by the defendant and also McCandless were allowed.

The defendant claims that by the terms of the remanding order he is authorized to present a further defense under the ruling in *Bierce v. Hutchins* in which the appellate court reversed the judgment of this court remanding the cause "for further proceedings in conformity with the opinion of this court," and in which this court has held "The defendant should be allowed to present any points raised by his bill of exceptions not covered by the opinion of the Supreme Court of the United States."   Ante, pp. 374, 376.

It was undoubtedly the intention to remand the present cause for the purpose of enabling the plaintiff to obtain from the circuit judge the injunction prayed for by the bill and to secure by appropriate proceedings the observance of the injunction.   In the *Bierce* case the record presented defenses which have not been passed upon and which remain to be considered. The case is not authority for allowing this defendant to present before the circuit judge a new defense especially upon facts presumably known to him at the former hearing.   But it is not apparent that a new defense is proposed since the purchaser from the plaintiff, of land in which the defendant had acquired an easement, would buy subject to the easement.   The motion was therefore properly denied.

The rule upon the introduction of new parties is, "If the interest of the defendant requires their presence he takes the objection of nonjoinder and the complainant is forced to amend

or his bill is dismissed. If at the hearing the court finds that an indispensable party is not on the record it refuses to proceed," *Shields v. Barrow,* 17 How. 153, but "A complainant cannot be compelled to add new parties to his bill if he chooses to take the responsibility of their not being made parties," Fletcher's Eq. Pl. & Pr., Sec. 53; yet "It is the common practice of the court to admit strangers to a litigation, claiming an interest in the subject matter, to intervene on their own behalf to assert their demands." *Krippendorf v. Hyde,* 110 U. S. 276, 282. "Persons desiring to intervene should take with due diligence the requisite steps so to do." Fletcher, supra, Sec. 55. This is well illustrated by the case cited, *Central Trust Co. v. Texas & St. L. Ry. Co.,* 24 Fed. 153, which was a foreclosure suit upon a mortgage to secure the defendant's bonds, in which a receiver had been appointed with the defendant's consent. No answer having been filed within the time prescribed the defendant, more than a year later, asked leave to file an answer, claiming that the suit was not brought in good faith to execute the mortgage conditions but to promote a certain scheme of parties holding a majority of the bonds. Leave was granted to submit an answer within ten days with affidavits explaining the delay. 23 Fed. 846, 849. The application to file the answer as presented having been denied from failure to comply with the requirement named, a bondholder of the company applied for leave to appear and defend which was denied on the ground that if he had not been satisfied with the proceedings he ought to have taken, with due diligence for his protection, the course required in such cases, "becoming individually responsible for the consequences of litigation." A further ground for the decision was that there was no equity under the allegations of the applicant "to open and prolong a litigation to the apparent injury of all concerned without a tender on his part to become responsible either for what has occurred or what, from his delay, may hereafter occur." See also 14 Enc. Pl. & Pr. Sec. 503, and cases there cited.

If the defendant had pleaded the nonjoinder of McCandless he would properly have been made a party but at this stage of the proceedings it is too late for McCandless to intervene. If either he or the defendant had wished him to be joined as a codefendant before the case had gone to trial on a hearing of the evidence there would have been no difficulty in accomplishing that object, but to stand by as if to take a chance of the decision going in favor of the defendant and, if it did not do so, to obtain a reopening of the case, is not a course commending itself to the consideration of equity.

The right of appeal ordinarily is confined to parties in the cause. Thus in *Hawn. Com & Sugar Co. v. Waikapu Sugar Co.,* 8 Haw. 721, a stockholder in the defendant company brought a petition against the defendant to require it to allow him to be substituted in the case which was a suit for partition and the petition was granted on the ground that one-half of the stock of the defendant corporation was held or controlled by the plaintiff and therefore the corporation would make no defense. In *Spreckels v. Macfarlane,* 9 Ib. 412, a bill to foreclose a stock lien, a person who had acquired the stock was allowed on his own motion to be substituted as plaintiff. The court, commenting upon the general rule that a motion can only be made by a party, said, "In actions of replevin, attachment, and in cases of distribution of money, it has been the practice to entertain and hear motions made by persons in interest, though strangers to the record;" that the motion "contained allegations of fact and was in the form of a petition and was sworn to and the other party was served with a notice of it. We think that it fully served its purpose of a supplemental bill, and would bind the assignee by its result," hence, "at the stage in which this case was, it was proper to procure the substitution of C. A. Spreckels for Claus Spreckels in the manner and form as it was done." But whether intervention by motion rather than petition was the correct practice in this case or not it was properly denied.

The plaintiff's preliminary motion to dismiss both appeals on the ground that they were intended merely for delay was denied. We doubt whether the motion to intervene in this cause gave a right of appeal from its denial thereby staying proceedings, but as both appeals were allowed the decree and orders appealed from are affirmed.

*M. F. Prosser* (*Kinney & Marx* on the brief) for plaintiff.

*A. G. M. Robertson* for defendant and also for L. L. Mc-Candless.