Syllabus.

# WILLIAM R. CASTLE, LORRIN A. THURSTON AND ALFRED L. CASTLE, TRUSTEES UNDER THE WILL OF JAMES B. CASTLE, DECEASED, *v.* HARRY IRWIN, ATTORNEY GENERAL OF THE TERRITORY OF HAWAII, TITUS M. COAN OF NEW YORK, STATE OF NEW YORK, AND HAROLD K. L. CASTLE.

## No. 1303.

### PETITION FOR REHEARING.

FILED FEBRUARY 28, 1921.                    DECIDED MARCH 11, 1921.

### COKE, C. J., KEMP AND EDINGS, JJ.

APPEAL AND ERROR—*party appealing must have interest.*

The appellate jurisdiction of this court can only be invoked by a party aggrieved by the decision, judgment, order or decree appealed from.

SAME—*same—Act 45 S. L. 1919 construed and applied.*

Act 45 S. L. 1919 provides that "In case the decision, judgment, order or decree sought to be reviewed was rendered against two or more persons * * * all such cases shall be determined as if all such persons had joined in the appeal;" but where the decree appealed from is not against one of the parties he cannot prosecute an appeal nor will he be permitted to be heard upon the appeal of some other party against whom the decree was rendered.

TRUSTS—*attitude of trustees in controversy between real parties in interest.*

The trustees should occupy a neutral and indifferent attitude in any controversy between the real parties in interest and clearly they ought not to be allowed to litigate the claim of one such interested party as against another such party.

SAME—*duty to protect estate.*

If the estate itself as an entity is attacked it would be the duty of the trustees to defend and if such defense requires that an appeal be prosecuted it would be their right and duty to prosecute the appeal.

SAME—*same.*

>   So if the interests of the estate require the bringing of a suit
> such suit should be brought by the trustees and in the event of
> an unfavorable judgment the trustees should appeal therefrom
> if such appeal would be proper to protect the interests of the
> estate.

SAME—*same.*

>   But with controversies which affect the individual interests
> alone of those who may be interested in their trust the trustees
> have nothing to do and consequently cannot be aggrieved by a
> decree which affects only those individual interests. .

## OPINION OF THE COURT BY COKE, C. J.

The petitioners W. R. Castle, Lorrin A. Thurston and Alfred L. Castle, trustees under the will of James B. Castle, deceased, have interposed a motion for a rehearing of the above entitled cause. The petition is based upon two specific grounds, namely, "That there is error in declaring that the petitioners are not entitled to be heard in the supreme court in that Act 45, Session Laws of Hawaii, 1919, expressly provides that the petitioners shall have a right to be heard," etc., and "That there was error in holding that there was only a moot question to be decided in that there is a question to be decided as to the proper disposition of eighty thousand dollars of public money." It may be said at the outset that petitioners are in error in assuming that in our former opinion we held that there was only a moot question involved or that there was any moot question at all involved in the case. We held that the trustees were not before this court and therefore had no right to be heard, and as to Coan we held that he had a technical right of appeal which gave us jurisdiction and which jurisdiction was exercised by affirming the decree from which Coan had prosecuted his appeal. Had we concluded that there was only a moot question involved or that Coan's appeal was feigned or fictitious his appeal

would have been dismissed without further consideration. The trustees now for the first time urge the claim that they are, and all along have been, properly before this court as appellants upon the appeal of Coan by virtue of Act 45 S. L. 1919. This attitude on their part is entirely inconsistent with their motion made in open court at the argument of the cause for permission to perfect their appeal and their subsequent motion for a writ of certiorari directing the clerk of the lower court to perfect their appeal for them. If they were in fact and in law properly before this court as appellants on the appeal of Coan what then was the purpose of their motion and their petition for the writ of certiorari? Act 45 *supra* is in part as follows:

"In case the decision, judgment, order or decree sought to be reviewed was rendered against two or more persons either or any of such persons may appeal therefrom, and for that purpose shall be permitted to use the names of all such persons. The appellant shall serve those of such persons who have not joined in the appeal and who can be found within the Territory, with a copy of the notice of appeal. Such persons shall be entitled to be heard in the supreme court. All such cases shall be determined as if all such persons had joined in the appeal, but no costs shall be taxed against any such person who did not join in the appeal nor ask to be heard in the supreme court. The order of names of parties shall be the same in the supreme court as in the circuit court."

The purpose of that enactment was to simplify appellate procedure. Under its provisions where there is a decision, judgment, order or decree against two or more persons either or any of them may appeal therefrom and use the names of all the persons affected. The party appealing shall, however, serve those of such persons who have not joined in the appeal and can be found within the Territory with a copy of the notice of appeal. In the present case if the record before us is to be the guide the

appellant Coan did not serve a copy of his notice of appeal upon any of the other parties either affected or otherwise although all of the parties except Coan are residents of the Territory. He apparently chose to prosecute his appeal solely in his own name and behalf.

But aside from these questions there is a fundamental principle of law which is a complete bar to the granting of this application for a rehearing as well as to the recognition of any right of the trustees to have a review of the decree of the court below by a writ of error or otherwise. It is a principle of appellate procedure which runs in a true course through all the text books, reports and statutes. It is referred to in our former opinion and is to the effect that the appellate jurisdiction of this court can only be invoked by a party aggrieved by the decision, judgment, order or decree of the court below. See *McCandless* v. *Pratt,* 211 U. S. 437 and authorities cited in the former opinion in this cause. The same principle is recognized in Act 45 *supra* in the following language: "In case the decision, judgment, order or decree sought to be reviewed was rendered *against* two or more persons * * * all such cases shall be determined as if *all such persons* had joined in the appeal." The decree in this case which Coan has brought here for review was not rendered against, nor does it affect, the trustees. They brought their bill in equity in the court below to obtain a construction of the will of James B. Castle, deceased, and to have a confirmation and approval of a compromise agreement which they had entered into with Harold K. L. Castle, a son of the deceased and one of the legatees named in the will. The court below entered a decree construing the will as requested and in conformity with the former opinion of this court and also approved the compromise agreement between the trustees and Harold K. L. Castle in one of the alternate amounts agreed upon between them. From

this decree Coan has perfected an appeal which has been disposed of by an affirmance of the decree of the lower court. Neither the trustees, Harold K. L. Castle, nor the attorney general, representing the public charity, have appealed. Harold K. L. Castle is satisfied with the decree below and so is the attorney general, who in fact represents the only interest which might claim to be substantially aggrieved by the decree of the court below. The trustees are not affected one way or the other. It should be no concern of theirs whether that portion of the funds of the estate in question be given to the son of the deceased or devoted to the purposes of the boarding school contemplated in the will. Both of these interests are represented by able and competent counsel who are fully qualified to protect the interests which they respectively represent and they have acquiesced in the decree below. The trustees should occupy a neutral and indifferent attitude in any controversy between the real parties in interest and clearly they ought not to be allowed to litigate the claim of one such interested party as against another such party. If the estate itself as an entity is attacked it would be the duty of the trustees to defend and if such defense requires that an appeal be prosecuted it would then be the duty of the trustees and they would have the undoubted right to prosecute an appeal. So if the interest of the estate require the bringing of a suit such suit should be brought in the name of the trustees and in the event of an unfavorable judgment or order the trustees should appeal therefrom if such appeal would be proper to protect the interests of the estate. But beyond this neither their duty nor their rights will permit them to go. With controversies which affect the individual interests alone of those who may be interested in their trust they have nothing to do and consequently cannot be aggrieved

by a decree which affects those individual interests.  See *Goldtree* v. *Thompson,* 83 Cal. 420.

Counsel for the trustees have advanced the novel doctrine that this court having once assumed jurisdiction of the cause on appeal should proceed not as an appellate tribunal but as a court of original chancery jurisdiction and direct the administration of the trust estate.  In support of this unique contention they quote the language of Chief Justice Shaw in *Parker* v. *May,* 5 Cush. 336, where it was said: "It is no doubt true that having jurisdiction over all trusts for charitable purposes, when that jurisdiction once attaches by bringing a case under the head of trusts this court will administer its powers in a manner and upon rules somewhat different from those which are applicable to private trusts and in the same liberal manner to carry into effect the purposes of the trust as a court of chancery. * * * It will aid and assist the trustees in carrying the trust into effect at the suit of any party interested."  The inference is that Chief Justice Shaw was speaking for the supreme judicial court of Massachusetts, whereas in fact, when he rendered the opinion from which the above quotation is taken, he was sitting as judge of a court of original chancery jurisdiction under the powers conferred by chapter 81 of the Revised Statutes of Massachusetts of 1836.  His jurisdiction was co-extensive with that of Judge Banks, whose decree is now before us, and the language used by the learned and revered chief justice of Massachusetts was never intended to have reference to the powers and duties of an appellate tribunal.

The petition for a rehearing is denied.

*Robertson, Castle & Olson* for the petition.