505 P.2d 32 (1972)
William L. SPICKARD et al., Plaintiffs-Appellants,
v.
The CIVIL SERVICE COMMISSION OF the CITY AND COUNTY OF DENVER, consisting of Ted Bach, Arthur S. Bowman, and Lawrence Perry, et al., Defendants-Appellees.
No. 71-307.
Colorado Court of Appeals, Div. II.
November 14, 1972.
Rehearing Denied December 5, 1972.
*33 Flowers & Creamer, James W. Creamer, Jr., Medina & Borrillo, Theodore A. Borrillo, Denver, for plaintiffs-appellants.
Max P. Zall, City Atty., Brian H. Goral, Robert D. Dowler, Asst. City Attys., for defendants-appellees.
Selected for Official Publication.
PIERCE, Judge.
Plaintiffs-appellants were among several hundred police officers who competed in an examination to determine eligibility for promotion to the rank of sergeant in the police force, which was administered by the Civil Service Commission of the City and County of Denver. Plaintiffs, seeking to enjoin the promotion of any of the successful examinees, brought this action after the examination. They complained that a portion of the examination was arbitrary and capricious, denying them the protection afforded by the civil service provisions of the Denver City Charter. The district court refused to enjoin the promotions, and upheld a determination by the Civil Service Commission that although the disputed portion of the examination was not ideal, it was not arbitrary and capricious. Plaintiffs appeal. We reverse.
Although the disputed examination was comprised of four parts, appellants complain about only one portion of the test. Specifically, 10% of each candidate's score was based upon a merit rating assigned to him by a merit board of command officers. This board arrived at its rating for each of the candidates by assimilating information from four sources: The candidate's personal file; the station file, which would contain commendations received by the officer; the Internal Affairs Bureau files, containing citizen complaints; and finally, a rating made by sergeants in the force as to the "promotional potential" of the candidates they knew. Appellants contend that neither the sergeants nor the merit board were given adequate instructions as to how to arrive at a merit score, and that as a result their ratings were arbitrary and capricious, resulting in low scores which deprived them of their promotions. Although we do not pass on the question of whether these candidates should in fact have been promoted, we do agree that the test did not comply with the spirit and purpose of the charter and the injunction should have issued.

*34 I.
As a prelude to consideration of the merits of this case, we must address appellees' contention that this action is barred either by the doctrine of laches or by a statute of limitations contained in the Denver City Charter, Sec. C5.73-3(6).
The argument with regard to the doctrine of laches is essentially that it was incumbent upon appellants to challenge the merit board rating system prior to taking the examination. Neither the Commission nor the city has shown any unconscionable delay by plaintiffs or prejudice to the Commission from having the test challenged after it was administered. Thus we find no merit in this contention.
With regard to appellees' argument that the statute of limitations set forth in charter section C5.73-3(6) precludes this action, it need only be said that that section applies only to disciplinary proceedings under the Denver City Charter, and is in no way applicable to their claim for relief. Therefore, we will consider the merits of appellants' case.

II.
Employment with the police department of the City and County of Denver is governed by the city charter. While it cannot be disputed that the Civil Service Commission is given a great deal of discretion when dealing with employees subject to their jurisdiction, it must defer to the charter as organic law. Feldman v. Cory, 115 Colo. 113, 169 P.2d 317. It is the appellants' contention that the examination in question failed to comply with the charter in that it was not competitive. Specifically, section C5.67 of the Denver City Charter provides in part:
"The commission shall provide for promotion in the classified service on the basis of ascertained merit and seniority in service and standing upon examinations, and shall provide, in all cases, that vacancies shall be filled by promotion. All examinations for promotion shall be competitive among such members of each department as desire to submit themselves to examination. . . ."
To establish the proposition that an examination must be competitive, appellants cite the case of Civil Service Commission v. Frazzini, 132 Colo. 21, 287 P.2d 433, which dealt with section C5.67 of the charter. We agree. However, we understand the charter language to apply only to the written portion of the examination. This written portion was unquestionably competitive in the case before us.
However, the purpose of a civil service system is to obtain the person most fit for a position through a competitive and impartial method. This principle was adopted in Schmidt v. Hurst, 109 Colo. 207, 124 P.2d 235, which dealt with state civil service law. Although this principle is not specifically articulated in the Denver City Charter, we hold it to be applicable to determinations of this type made by the Civil Service Commission established by that charter. We base this conclusion on a consideration of charter sections C5.59[1] and C5.62[2], coupled with C5.67 above, which, together, convince us that the intent of the charter is to provide a competitive and impartial system.
Applying this principle to the examination given, we find that the merit *35 rating fell short of being competitive and impartial. The sergeants involved were instructed to study the list of names, crossing off those names with which they were not familiar, and to rate the remaining names in an order which reflected what the sergeant believed was the "promotional potential" of each of the candidates. The sergeant was to take the top third and the bottom third of his list and indicate why he assigned that position to the particular man. Other than that, he was given no instructions on what considerations determined "promotional potential". There was no requirement that the sergeant indicate how long or at what time in the candidate's career he had worked with a particular applicant. Thus, in some instances, ratings were made by sergeants who had minimal contact with a candidate, or whose contact was so far removed in time that doubt could be cast on the validity of their evaluations. Nor does the record indicate that the members of the promotional board had greater guidance in determining "promotional potential". Indeed, the record indicates that each command officer, as well as each sergeant who rated the candidates, applied his own personal standards. The standards used by the merit board and the sergeants to arrive at what they considered "promotional potential" varied from "leadership potential" to subjective inquiries into personal life style. While some evaluated candidates in terms of on-duty performance, others emphasized off-duty demeanor. Without passing on the merit of any of these criteria, the important fact to be noted is that they were not universally applied, and thus there were no common criteria applied to each of the candidates. Similarly situated candidates were subjected to entirely different and random standards to determine if they were promotable.
We hold that common criteria in ascertaining merit must be employed in order to satisfy the requirements of the charter that the method of promotion be competitive and impartial. See Civil Service Commission v. Frazzini, supra. In the instant case we perceive no such common criteria.

III.
Appellees would have us view this entire case as a matter of the discretion of the Commission in delegating the responsibility to rate candidates. They cite the case of Hewitt v. State Civil Service Commission, 114 Colo. 561, 167 P.2d 961, to establish the proposition that the "method of testing applicants is vested in the commission and that discretion cannot be interfered with by the court save in the clearest case of abuse." This is a proper statement of the law under the Denver City Charter. However, the question before us is not one of an improper delegation of authority. Indeed, we perceive no abuse of discretion by the Commission when it determined to have a board of command officers rate the merit of each of the candidates. However, in doing so, the Commission had the duty to establish reasonable guidelines to control the decisions of those to whom it delegated its authority in the selection process resulting in promotion. Here no guidelines were given, and the Commission abdicated its responsibility to give a fair examination and evaluation consistent with the underlying purposes of the civil service provisions of the city charter.
Judgment reversed and remanded for proceedings not inconsistent with this opinion.
DWYER and ENOCH, JJ., concur.
NOTES
[1] "C5.59 What rules shall provide. The rules of the Civil Service Commission shall provide for open and competitive examinations as to fitness, for providing to appointing authorities of the Fire and Police Departments eligible lists from which vacancies shall be filled, for a period of six months' probation in original appointments before employment is made permanent and for promotion on the basis of merit, experience, and record."
[2] "C5.62 ExaminationsSubjectsNotice. All examinations shall be impartial, and relate only to matters which will test the fitness of the persons examined for the service they wish to enter. . . ."