523 P.2d 149 (1974)
William G. SPICKARD et al., Plaintiffs-Appellees,
v.
The CIVIL SERVICE COMMISSION OF the CITY AND COUNTY OF DENVER, consisting of Ted Bach, et al., Defendants-Appellees,
Charles L. Dunahue et al., Applicants for Intervention-Appellants.
No. 73-138.
Colorado Court of Appeals, Div. I.
April 2, 1974.
Rehearing Denied April 30, 1974.
Certiorari Denied July 1, 1974.
*150 No appearance by plaintiffs-appellees.
Max P. Zall, City Atty., Spencer Dennison, Robert D. Dowler, Asst. City Attys. Denver, for defendants-appellees.
Zarlengo & Kirshbaum, Howard M. Kirshbaum, Denver, for applicants for intervention-appellants.
Selected for Official Publication.
COYTE, Judge.
Appellants seek reversal of the trial court's order denying their motion to intervene. The original complaint, filed on July 17, 1970, alleged that the list of policemen eligible for promotion to the rank of sergeant published by the Denver Civil Service Commission and the Denver Police Department in November of 1969 was invalid because certain improper procedures were used in ranking the applicants for promotion. After trial, the court entered judgment for defendants on December 23, 1970. Subsequently, plaintiffs perfected their appeal to this court and we reversed *151 the judgment of the trial court on November 14, 1972, and remanded the case for further proceedings. Spickard v. Civil Service Comm., 31 Colo.App. 450, 505 P.2d 32.
On January 30, 1973, appellants filed a motion in the district court to intervene as a matter of right for the limited purpose of including themselves within the mandate of our decision in Spickard, supra, and the order of the district court on remand. Defendants filed a motion in opposition to appellants' motion to intervene wherein they asserted, inter alia, the defense of laches and failure to exhaust administrative remedies. After a hearing, the motion to intervene was denied on the ground that it was not timely filed as required by C.R.C.P. 24(a). We affirm.
As a general rule, a motion for intervention is considered untimely when it is filed after a judgment has been reversed on appeal and the cause remanded with directions which enable the prevailing party to obtain a judgment without a new trial. Rockwell v. Coffey, 20 Colo. 397, 38 P. 376; Annot., 37 A.L.R.2d 1306. Motions for intervention filed after judgment or after a decision is rendered on appeal are viewed with disfavor and the moving party has a heavy burden to show facts or circumstances which justify intervention at that late date. 7A C. Wright & A. Miller, Federal Practice & Procedure § 1916. Courts view motions for intervention at these stages of the proceedings with a jaundiced eye because it is assumed that intervention at this point will either (1) prejudice the rights of the existing parties to the litigation, or (2) substantially interfere with the orderly processes of the court. McDonald v. E. J. Lavino Co., 430 F.2d 1065 (5th Cir.).
Appellants concede the validity of the general rule against intervention at this stage of the proceedings. However, they assert that intervention should be allowed in the instant case because they do not seek to relitigate any of the issues decided previously and they are willing to have the judgment on appeal and the decision of the trial court on remand apply to them.
Although appellants do not seek to relitigate issues previously decided, the timing and manner in which they seek to enter the litigation raise questions with respect to whether issues previously determined as to the original parties would need to be determined as to them. Disposition of these issues would delay the proceedings of the court on remand and thereby prejudice the rights of the original parties. See Grijalva v. Elkins, 132 Colo. 315, 287 P.2d 970.
Furthermore, a separate basis for denying intervention arises from the fact that appellants had failed to exhaust their administrative remedies.
Appellants maintain that a failure to exhaust their administrative remedies should be excused because the original plaintiffs were unsuccessful before the Civil Service Commission and exhaustion of remedies is not required when it is futile. See, e. g., Montana National Bank v. Yellowstone County, 276 U.S. 499, 48 S.Ct. 331, 72 L.Ed. 673. Appellants' argument is based upon the tacit and unjustified assumption that the commission would ignore our decision in Spickard, supra. Our Supreme Court has stated repeatedly that persons seeking judicial relief must first exhaust their administrative remedies. See, e. g., Heron v. Denver, 131 Colo. 501, 283 P.2d 647.
Accordingly, we conclude that the trial court properly denied appellants' motion to intervene.
The judgment is affirmed.
SILVERSTEIN, C. J., and SMITH, J., concur.