FAUSTUS JOHN CHIERIGHINO, Plaintiff, WILLY FAUSTO CHIERIGHINO, Appellant, *v.* CLEO LON BOWERS and EDNA MARIE BOWERS, Defendants-Appellees

NO. 6451

CIVIL NO. 3339

JULY 14, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from the judgment of the court below, rendered after a nonjury trial, dismissing an action to foreclose mortgages and cancelling and releasing defendants from the lien of those mortgages.

Appellant Willy Fausto Chierighino appeals from this judgment on the grounds that the court's findings of facts and conclusions of law were not supported by the evidence and that the court erroneously admitted parol evidence.

However, before these questions can be addressed, it must be ascertained whether Willy Chierighino is a party to this action and, as such, entitled to take an appeal. We conclude that he is not a party and, therefore, dismiss the appeal.

Briefly, the facts in the case are these:

In 1965, Willy Chierighino and Defendants Cleo and Edna Bowers entered into an exchange agreement whereby the defendants would convey to Willy a hotel and land in Burbank, California, valued at $100,000.00, subject to four trust deeds securing debts totalling $85,465.00. In addition to assuming these debts, Willy was also to pay off a FHA improvement loan of $3,434.00. In exchange, Willy would convey to defendants six lots in Puna, Hawaii, valued at $15,000.00, owned by his younger brother, Plaintiff Faustus Chierighino. To reduce the equity of the Puna lots to approximately that of the California property, defendants would execute four notes of $850.00 each, secured by a mortgage on each of four of the Hawaii lots. The notes and mortgages were executed in favor of Plaintiff Faustus Chierighino.

The exchange was consummated in May of 1965. Sometime later that year, defendants received notice that one of the deeds of trust on the California property was in default. This trust deed was subsequently foreclosed, resulting in a deficiency and terminating the lien of the trust deed given by Willy to defendants to secure Willy's promise to pay the FHA loan.

At about the same time, defendants also received notice that Willy had failed to make any payments on the FHA loan. Defendants had to pay that loan in full in the amount of $3,437.50, which was $37.50 more than the total principal amount of the four notes which defendants owed to Plaintiff Faustus.

Believing that their promise to pay the notes made payable to Plaintiff Faustus was dependent on Willy's promise to pay the FHA loan, defendants made no payments. Faustus filed a complaint to foreclose the mortgages on April 26, 1974.

Faustus Chierighino, the plaintiff, did not appear at the trial on the merits, although he was represented by counsel; Willy appeared as a plaintiff's witness. Judgment was entered on September 23, 1976.

On October 25, 1976, Willy, not Faustus, filed a "Notice of Appeal," in which he styled himself as "Appellant." On December 14, 1977, defendants moved to dismiss the appeal on the ground, *inter alia*, that Willy was not a party to the action and, therefore, had no ⸱ ...ing to appeal from the judgment. The supreme court or-

dered that this question should be briefed for consideration with the merits of the appeal.

On October 16, 1978, Willy filed in the supreme court "Appellants' Motion to Intervene After Judgment and to Amend Notice of Appeal to Reflect Name of Plaintiff." This motion has not been ruled upon.

Under Hawaii Rules of Civil Procedure (HRCP), Rule 73(a), only a party[1] to an action may seek appellate review. *Keating v. Keating,* 43 Haw. 51 (1958). Furthermore, "[t]he appellate jurisdiction of this Court may only be invoked by an aggrieved party. [*Castle v. Irwin,* 25 Haw. 807.]" *Estate of Frederick G. E. Walker, Deceased,* 43 Haw. 304 (1959). These same conditions are also applied in federal courts. 9 MOORE'S FEDERAL PRACTICE ¶ 203.06 (1980).

In the instant case, although Willy Chierighino perceives himself to be aggrieved, his injury, as he acknowledged at oral argument, stems not from any action of the court below but rather from his own sense of moral obligation to his brother. The lower court's judgment merely dismissed the action with prejudice and cancelled and released the defendants from the mortgages sought to be foreclosed by Faustus Chierighino. This judgment in no way purports to bind Willy Chierighino.

Neither can Willy Chierighino be considered to have been a party to the action below. Suit was filed solely in the name of his brother. Willy Chierighino appeared only in the capacity of a witness.

Willy's present anomalous position of arguing both in his brief[2] and by his motion to intervene that he was not a party to the litigation yet claiming a right to appeal from the judgment can only be made tenable if we grant the motion and thereby determine that Willy

---

[1] An exception to this rule is that in some cases, a privy is entitled to appeal. "By privies . . . are meant heirs, executors, administrators, terre-tenants and those having an interest in remainder or reversion, or persons who are made parties by law." 4 AM. JUR. 2d *Appeal and Error* § 176 (1962). There has been no argument that Willy Chierighino is a party.

[2] "In the case at bar, the court was fully aware of the identity of the true plaintiff [Faustus]. (R. T. 4). The plaintiff's brother [Willy] was merely acting as a witness to the transactions. . . . Mr. [Willy] Chierighino had never been made a party to the action, nor did he have the opportunity to litigate his interests." Appellant's Opening Brief at 10.

Chierighino became a party *subsequent* to the rendering of judgment by the lower court.

HRCP, Rule 24,[3] governs the procedure necessary for intervention in an action. It must be noted, however, that motions to intervene filed *after* judgment has been entered are viewed with disfavor; and the moving party has a heavy burden to show facts or circumstances that justify intervention at that late date. *Spickard v. Civil Service Commission of C&C of Denver,* 33 Colo. App. 426, 523 P.2d 149 (1974). *Cooper v. Albuquerque City Commission,* 85 N.M. 786, 518 P.2d 275 (1974).

In this case, we find no such justification. Not only did Willy Chierighino have prior notice of the lawsuit, but he was an active participant in it from the very start. Obviously, he had ample time and opportunity to earlier intervene. No circumstances contributing to his delay in moving to intervene have been brought to our attention.

Furthermore, HRCP, Rule 24, requires that the application to intervene be "timely." The law was the same prior to the HRCP: " 'Persons desiring to intervene should take with due diligence the requisite steps so to do.' " *Oahu Railway and Land Co. v. Armstrong,* 18 Haw. 429 (1907).

---

[3] Rule 24. INTERVENTION.

(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute, ordinance or executive order administered by an officer, agency or governmental organization of the State or a county, or upon any regulation, order, requirement or agreement issued or made pursuant to the statute, ordinance or executive order, the officer, agency or governmental organization upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

On this issue in *United Airlines v. McDonald,* 432 U.S. 385 (1977), Mr. Justice Stewart stated: "The critical inquiry in every such case is whether in view of all the circumstances the intervenor acted promptly after the entry of final judgment. [Citation omitted.]" 432 U.S. at 395-396.

In the instant case, judgment was filed on September 23, 1976. The motion to intervene was filed on October 16, 1978, more than two years later.

Because this motion to intervene was not promptly filed and there are no circumstances justifying any delay at all, the motion must be and is denied. As a result of this denial, Willy Chierighino is not a party to this action. Therefore, his appeal must be and is dismissed.

*William F. Chierighino (Willy Faustus Chierighino),* appellant, pro se.

*Stanley M. Kuriyama (Donald E. Scearce* with him on the brief; *Cades, Schutte, Fleming & Wright)* for defendants-appellees.