138 P.3d 749

Noly BACERRA and Nely Bacerra, Individually, and Sean bacerra, a minor, through Nely Bacerra, his mother and next friend, Plaintiffs–Appellees,

v.

James B. MacMILLAN, III, M.D., the Queen's Medical Center, Defendants–Appellees,

and

Doe Defendants 1–100, Defendants.

AFL Hotel & Restaurant Workers Health & Welfare Trust Fund, by its Trustees, Lienor–Appellant.

State of Hawai'i, Department of Human Services, Intervenor–Appellee.

No. 26377.

Supreme Court of Hawai'i.

June 30, 2006.

Derek R. Kobayashi and Regan M. Iwao (of Goodsill Anderson Quinn & Stifel), Honolulu, on the briefs, for lienor-appellant.

James T. Leavitt, Jr. and John D. Yamane, Honolulu, on the briefs, for plaintiffs-appellees Noly and Nely Bacerra, Individually.

Charles J. Ferrera, Honolulu, on the briefs, for plaintiff-appellee Sean Bacerra, a minor, through Nely Bacerra, his mother and next friend.

Michael S. Vincent and Cora K. Lum, Deputy Attorneys General, on the briefs, for intervenor-appellee.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

Opinion of the Court by MOON, C.J.

Lienor-appellant AFL Hotel & Restaurant Workers Health & Welfare Trust Fund, by its trustees [hereinafter, the Trust Fund], appeals from the January 5, 2004 order of the Circuit Court of the First Circuit, the Honorable Eden Elizabeth Hifo presiding, dismissing its "Notice of Lien" filed September 12, 2003 in an underlying medical malpractice action (the instant case) brought by plaintiffs-appellees Noly Bacerra (Mr. Bacerra) and Nely Bacerra, individually, and Sean Bacerra (Sean), a minor, through Nely Bacerra (Mrs. Bacerra), his mother and next friend [hereinafter, collectively, the Bacerras] against defendants-appellees James B. MacMillan, III, M.D. (Dr. MacMillan) and the Queen's Medical Center (the QMC) [hereinafter, collectively, the defendants].

Based on the discussion below, we conclude that, because the Trust Fund failed to properly intervene in the instant case, it is not a party to the case. Therefore, the Trust Fund lacks standing to appeal the circuit

court's order dismissing the notice of lien. Accordingly, we are compelled to dismiss the instant appeal.

## I. BACKGROUND

The Trust Fund provides medical coverage to thousands of hotel collective bargaining employees and their families, including the Bacerras. On July 2, 1999, Mrs. Bacerra went into labor and was admitted to the Queen's Medical Hospital. As a result of a uterine rupture, the newborn, Sean, suffered severe brain damage due to lack of oxygen and developed spastic quadriplegia. The medical expenses incurred as a result of Sean's extensive medical care and treatment were paid by: (1) the Trust Fund, pursuant to Mr. Bacerra's employer-sponsored group health insurance policy issued by the Trust Fund; and (2) the State of Hawaii's Department of Human Services (DHS), pursuant to an "Application for Medical Assistance" submitted on Sean's behalf.

On December 17, 2001, the Bacerras filed a four-count medical malpractice complaint against the defendants, essentially alleging lack of informed consent and negligence. Ultimately, the Bacerras reached a settlement with Dr. MacMillan, as evinced by their "Petition for Approval of Good Faith Settlement" (the Petition), filed December 17, 2001. In the Petition, the Bacerras stated that the case against Dr. MacMillan had been "settled for a confidential amount, which amount w[ould] be provided under seal to the [circuit c]ourt and to counsel." On November 19, 2002, Dr. MacMillan filed his joinder in the Petition.

On December 5, 2002, DHS requested permission from the circuit court to intervene in the instant case (motion to intervene) to recover $326,288.74 in medical costs, paid by DHS through Medicaid, on behalf of Sean. Attached to its motion to intervene was a proposed Intervenor's Complaint, wherein DHS asserted that: (1) the Bacerras were obligated to reimburse DHS for medical costs paid on behalf of Sean in the event Sean received any compensation for injuries and medical costs incurred as a result of the incident alleged in the complaint; and (2) DHS had a first lien on any judgment or settlement award in favor of Sean. On February 4, 2003, the circuit court granted DHS's motion to intervene.[1]

On February 11, 2003, the circuit court issued an "Order for Attendance of Persons/Entities at Further Settlement Conference," mandating the Trust Fund's attendance at a further settlement conference.[2] The order was the first notification to the Trust Fund that Sean's condition may have been caused by a third-party against whom the Bacerras were pursuing an action to recover damages. As a result, the Trust Fund filed its notice of lien on September 12, 2003, asserting its right of reimbursement for payments made by the Trust Fund on behalf of Sean in the amount of $532,960.32.

---

1. We note that, although the circuit court granted DHS' motion to intervene, the record does not reflect that the "Intervenor's Complaint," attached to DHS's motion as Exhibit B, was ever filed. However, we recognize that DHS, in its memorandum regarding the Bacerras' motion to dismiss the Trust Fund's notice of lien, stated that "it has not been necessary to file the complaint because the [Bacerras] and the State have come to an agreement regarding distribution of proceeds."

2. Inasmuch as the Trust Fund had not formally intervened in the underlying medical malpractice action, we believe the circuit court had no personal jurisdiction over it and, therefore, did not have the authority to mandate its attendance at a settlement conference. Nevertheless, the Trust Fund did not object (presumably because it was in its best interest to participate); thus, it could be said that the Trust Fund waived personal jurisdiction. Hawai'i Rules of Civil Procedure Rule (HRCP) Rule 12(h)(1) (2004) ("A defense of lack of jurisdiction over the person ... is waived (A) if omitted from a motion in the circumstances described in subdivision (g) or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."); Roxas v. Marcos, 89 Hawai'i 91, 135, 969 P.2d 1209, 1253 (1998) (stating that, "notwithstanding that the defense of lack of personal jurisdiction was asserted in the [defendants'] answer to the [plaintiffs'] complaint, [the defendants'] failure to assert it in their motion to dismiss constitutes a waiver of the issue pursuant to HRCP Rule 12(g) and (h)"); see also Rearden Family Trust v. Wisenbaker, 101 Hawai'i 237, 247–50, 65 P.3d 1029, 1039–42 (2003). In any event, we need not address the issue in light of our decision to dismiss the Trust Fund's appeal based on lack of standing.

However, unlike DHS, the Trust Fund did not file a motion to intervene as a party in the instant action.

On September 29, 2003, the Bacerras moved to dismiss or determine the Trust Fund's notice of lien (motion to dismiss). Although the Bacerras did not dispute the fact that Sean had received $532,960.32 in medical benefits from the Trust Fund, they argued that the Trust Fund's lien action was preempted by the Federal Employees Retirement Income Security Act of 1974, commonly known as ERISA, codified at 29 U.S.C. § 1001 *et seq.* The Bacerras maintained that, because the Trust Fund—an ERISA-fiduciary—was essentially seeking monetary compensation from the Bacerras—the plan-beneficiaries,—the relief being sought was legal (and not equitable) in nature and was, therefore, preempted by federal law.

DHS and the QMC each filed memoranda regarding the Bacerras' motion to dismiss, essentially supporting the motion. In the event the circuit court decided not to dismiss the notice of lien, DHS urged the court to determine that its Medicaid lien should "enjoy[ ] a first priority." The QMC requested that the circuit court determine how much, if any, of the lien should be allowed. The Trust Fund opposed the motion, arguing that its state law claim for reimbursement did not come within the scope of ERISA and was, therefore, not preempted, and that its lien should be given priority over DHS's lien because "ERISA preempts any state laws that interfere with an ERISA plan's right of first recovery, including any state Medicaid program's right of first recovery." (Emphasis omitted.)

A hearing on the motion to dismiss was held on November 5, 2003. The circuit court, over the Trust Fund's objection, "grant[ed] the motion[,] finding there [was] a preemption," indicating also that it would "not now decid[e] which lien would have priority." The written order granting the Bacerras' motion to dismiss was filed on January 5, 2004. On February 4, 2004, the Trust Fund filed its Notice of Appeal.

## II.  STANDARD OF REVIEW

■ This court reviews a dismissal under Hawai'i Rules of Civil Procedure Rule (HRCP) 12(b)(6) and a determination of subject matter jurisdiction *de novo.* *AFL Hotel & Rest. Workers Health & Welfare Trust Fund v. Bosque,* 110 Hawai'i 318, 321, 132 P.3d 1229, 1232 (2006); *Aames Funding Corp. v. Mores,* 107 Hawai'i 95, 98, 110 P.3d 1042, 1045 (2005); *Norris v. Hawaiian Airlines, Inc.,* 74 Haw. 235, 239, 842 P.2d 634, 637 (1992), *aff'd,* 512 U.S. 246, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994).

## III.  DISCUSSION

■ Before this court can address whether the Trust Fund's notice of lien is—as the Trust Fund asserts—a state law claim for reimbursement and, therefore, not preempted because it does not come within the scope of ERISA, we must first determine whether the Trust Fund has standing to appeal in the first instance. We conclude that it does not.

In *Kepo'o v. Watson,* 87 Hawai'i 91, 952 P.2d 379 (1998), this court stated:

> Generally, the requirements of standing to appeal are: (1) *the person must first have been a party to the action;* (2) the person seeking modification of the order or judgment must have had standing to oppose it in the trial court; and (3) such person must be aggrieved by the ruling, *i.e.,* the person must be one who is affected or prejudiced by the appealable order.

*Id.* at 95, 952 P.2d at 383 (quoting *Waikiki Malia Hotel, Inc. v. Kinkai Props., Ltd. P'ship,* 75 Haw. 370, 393, 862 P.2d 1048, 1061 (1993)) (emphasis added) (internal quotation marks and brackets omitted; *see also Chierighino v. Bowers,* 2 Haw.App. 291, 293, 631 P.2d 183, 185 (1981) (per curiam)).

■ The instant case was filed solely in the names of the Bacerras, who, in turn, named only Dr. MacMillan and the QMC as defendants. As previously stated, the Trust Fund, unlike DHS, did not move to intervene in the instant case, but merely filed its *notice of* lien. However, the act of filing of a notice of lien, in and of itself, does not make the lienor a party to the case. *See Valenta v. Regents of the Univ. of California,* 231 Cal.

App.3d 1465, 282 Cal.Rptr. 812, 815 (1991). In *Valenta,* the plaintiff successfully pursued a wrongful termination action, obtaining a judgment of $866,000. When the defendants appealed, plaintiff's trial counsel associated with another attorney to handle the appeal. At some point, plaintiff's discharged counsel filed a notice of lien for his reasonable attorney's fees and cost advanced in the underlying wrongful termination case. The California Court of Appeals stated:

> Clearly, the practice of filing a notice of lien in a pending action is permissible, and even advisable.... However, while a previously discharged attorney may file a *notice of lien* in a pending action, an independent action is required to establish *the existence and amount of the lien and to enforce it.*

*Id.* (emphases added). In other words, a notice of lien is not the same as a lien or a lien claim. To assert its lien or lien claim in the instant case, the Trust Fund was required to institute "an independent action" or intervene as a party in the instant case, pursuant to HRCP Rule 24 (2004).[3] Having failed to do so, the Trust Fund does not meet the first prong of the standing requirements recited in *Kepo'o, i.e.,* "the person must first have been a party to the action." *Kepo'o,* 87

Hawai'i at 95, 952 P.2d at 383 (citation omitted). We, therefore, hold that, because the Trust Fund was not made a party to the instant case, it lacks standing to appeal. *See Stewart Props., Inc. v. Brennan,* 8 Haw.App. 431, 433, 807 P.2d 606, 607 (1991) (stating "[a] well-settled rule is that only parties to a lawsuit . . . may appeal an adverse judgment[.] . . . In other words, nonparties, who did not or could not intervene, are ordinarily denied standing to appeal" (citations, footnote, and internal quotation marks omitted) (second ellipses added)); *see also Chierighino,* 2 Haw.App. at 295, 631 P.2d at 186 (holding that, because the appellant was not a party to the action, his appeal must be dismissed).

### IV. CONCLUSION

Based on the foregoing, the Trust Fund's appeal, filed on February 4, 2004, is dismissed.

---

**3.** HRCP Rule 24 provides in relevant part:

(a) <u>Intervention of right</u>. Upon timely application[,] anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

. . . .

(c) <u>Procedure</u>. A person desiring to intervene shall serve a **motion to intervene** upon the parties as provided in Rule 5. The motion shall **state the grounds therefor** and shall **be accompanied by a pleading setting forth the claim** or defense for which intervention is sought. . . .

(Underscored emphases in original.) (Bold emphases added.)