■ DEMPSEY & SPRING, P. C., Respondent, v JOSEPH G. RAMSAY, III, Appellant. — In an action for moneys due and owing for legal services rendered, defendant appeals from an order of the Supreme Court, Rockland County, dated August 23, 1979, which, *inter alia,* granted the plaintiff's motion for an order of attachment. Order reversed, on the law, without costs or disbursements, and plaintiff's motion for an order of attachment is denied. The

undertaking filed by the plaintiff to secure the attachment is vacated. Plaintiff, a New York law firm, seeks $165,000 in outstanding legal fees from the defendant, its former client. The defendant, now a resident of Florida, owned certain property in New York, and the plaintiff, by motion on notice, attempted to commence an action by obtaining an order attaching that property. The motion papers were not personally served upon the defendant and contained no provision restraining the defendant's right of alienation pending the determination of the motion. Prior to the return date of the motion, the defendant conveyed the property to his daughter without consideration. He maintains that the conveyance was in furtherance of an estate plan and did not render him unable to satisfy any judgment the plaintiff might eventually obtain. The conveyance was duly recorded. The defendant then submitted papers in opposition to the plaintiff's motion. Special Term found the conveyance to have been fraudulent, granted the plaintiff's motion and issued an order of attachment against the said property requiring the plaintiff to file an undertaking in the amount of $1,500. We reverse. It was improper for the court to issue an order of attachment against property for which the defendant was no longer the owner of record. Moreover, the court improperly determined that the conveyance of the property was fraudulent since no notice or opportunity to appear was afforded to the transferee, the present owner of record. Lastly we note that the court erroneously concluded that it had acquired personal jurisdiction over the defendant. His response to the motion for an attachment constituted only a limited appearance. Mollen, P. J., Mangano, Margett and Weinstein, JJ., concur.