## Richmond

ROBERT L. ALLSBROOK, JR., INDIVIDUALLY AND
T/A ALLSBROOK'S RADIATOR SERVICE

V.

AZALEA RADIATOR SERVICE, INC., ALPHUS
N. KNAPP, SR., T/A AL'S RADIATOR SERVICE, AND
DOROTHY WHITLOCK

Record No. 811973.

June 15, 1984.

Present: All the Justices.

*Winston G. Snider* for appellant.

*H. Joel Weintraub* (*Decker, Christie & Hitchings*, on brief), for appellees.

THOMAS, J., delivered the opinion of the Court.

This appeal arises out of the sale of a radiator service company. It raises questions concerning the "Bulk Transfers" provisions of Virginia's Commercial Code, Code §§ 8.6-101 through 8.6-111, and questions concerning the law of attachment.

Azalea Radiator Service, Inc. (Azalea), went into business sometime prior to 1972. As its name suggests, Azalea repaired and serviced radiators. It kept on hand minor parts, such as hoses and clamps, used in its business. However, it purchased major parts, such as radiators and radiator cores, on an "as needed" basis from Allsbrook's Radiator Service (Allsbrook). In late 1979 and early 1980, Azalea became delinquent on its account with Allsbrook. In October, 1980, while still indebted to Allsbrook, Azalea was sold to Alphus N. Knapp, Sr. (Knapp), who changed

the name of the business to Al's Radiator Service. Allsbrook contends that the sale to Knapp was an illegal bulk transfer and that it was a fraud upon Allsbrook as one of Azalea's creditors.

Allsbrook filed a petition for attachment against Azalea; Azalea's former owner, Dorothy Whitlock; Knapp; and Al's. Allsbrook alleged that it had obtained a judgment against Azalea in the amount of $4,767.35; that the sale to Knapp was with the intent to hinder, delay, and defraud Azalea's creditors; that the sale was in violation of Article 6 of the Virginia Commercial Code; that the sale was invalid as to Allsbrook; and that Allsbrook was entitled to attach certain property in Knapp's possession.

Allsbrook alleged further that in 1978, Azalea purchased a Ford pickup truck; that the truck was titled in Whitlock's name for the purpose of hindering, delaying, or defrauding Azalea's creditors; that Azalea was the "rightful owner" of the truck; and that, therefore, Allsbrook was entitled to attach the truck.

At the conclusion of an *ore tenus* hearing, the trial court denied the petition. The court ruled that the transfer from Azalea to Knapp was not governed by the bulk transfer provisions of the commercial code and that the truck was never an asset of Azalea. Allsbrook assigns error to both these rulings. However, finding no error, we will affirm the judgment of the trial court.

■ The trial court found as a matter of fact that service "was the principal business of the enterprise" under review. Unless this finding was plainly wrong or without evidence to support it, it must be accepted as correct on this appeal. Code § 8.01-680; *Dwyer* v. *Yurgaitis*, 224 Va. 176, 294 S.E.2d 792 (1982).

■ Here, the evidence fully supports the trial court's conclusion. Only two witnesses testified. Both stated that Azalea "basically provided a service." The evidence also established that virtually all items sold by Azalea were sold incident to the repair of radiators. Moreover, as is touched upon briefly above, the evidence showed that Azalea did not maintain an inventory of radiators and radiator cores, but would purchase them on an "as needed" basis from a local distributor, such as Allsbrook. Azalea's personnel would install the radiator or core in the customer's automobile. The customer would be charged for the labor and the part. The price charged for the part would be marked up from the price paid by Azalea. In our opinion, on the facts of this case, the trial court's determination that Azalea principally provided a service cannot be disturbed.

■ The factual finding concerning the nature of Azalea's business led the court to the legal conclusion that the sale to Knapp was not governed by the bulk transfers provisions. The trial court relied upon Code § 8.6-102(3) which reads as follows: "The enterprises subject to this title are those whose principal business is the sale of merchandise from stock, including those who manufacture what they sell." The trial court reasoned that if Azalea's principal business was service, then Azalea was not an "enterprise subject to" the statute. The court's reasoning in this regard is obviously correct. If an entity's principal business is service, then it follows that its principal business cannot be "the sale of merchandise from stock." The two are mutually exclusive. Since the latter attribute is necessary in order for the bulk transfer provisions to apply, those provisions have no application here.

■ Allsbrook's attempt to attach the items transferred from Azalea to Knapp rested upon its contention that the sale was invalid. As we have seen, it was not invalid. As a result, the trial court properly dismissed the first portion of the attachment. Our treatment of this issue makes it unnecessary to analyze the various policy arguments raised by Allsbrook in its effort to place the sale to Knapp under Article 6 of the commercial code.

■ Allsbrook also contended that it had the right to attach a certain truck used first by Azalea and, after the sale, by Knapp. The trial court ruled that the truck did not belong to Azalea, that there was no fraud concerning the handling of the truck, and, therefore, that the truck could not be attached. We think the trial court was correct.

The evidence established that Dorothy Whitlock purchased the truck in March 1978, long before Azalea became indebted to Allsbrook. Whitlock traded in a vehicle owned by her and valued at approximately $1,200 and signed financing papers in order to purchase the truck. Thereafter, she allowed Azalea to use the truck. Azalea made the monthly payments and maintained and operated the truck. However, despite its use of the truck, Azalea never paid the full rental value of the vehicle. We conclude that though Azalea had complete use of the truck, it never owned it.

In its petition for attachment, Allsbrook alleged that Azalea transferred the truck to Whitlock "with intent to hinder, delay or defraud its creditors." Code § 8.01-534(5). This allegation is groundless. Azalea could not transfer that which it never owned. Moreover, even if there had been a transfer from Azalea to Whit-

lock concerning the truck, it occurred *before* any indebtedness to Allsbrook; therefore, as regards Allsbrook, there could not exist any intent to defraud. Thus, there was no error in the trial court's dismissal of the petition to attach the truck.

For all the foregoing reasons, the judgment of the trial court will be

*Affirmed.*