877 F.2d 60
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ROSE, RAND, RAY, WINFREY & GREGORY, P.A., Plaintiff-Appellee,
v.
Bruce SALTER, Defndant-Appellant,
Randy David Salter, Defendant.
 No. 88-2608.
 United States Court of Appeals, Fourth Circuit.
 Argued March 8, 1989.
Decided June 5, 1989.
 
 David Alan Nash (Hogue, Hill, Jones, Nash & Lynch on brief) for appellant.
 Ronald Eugene Winfrey (Rose, Rand, Ray, Winfrey & Gregory, P.A. on brief) for appellee.
 Before K.K. HALL, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The law firm of Rose, Rand, Ray, Winfrey & Gregory, P.A., attached the proceeds of a cash appearance bond deposited with the Clerk of the Superior Court of Brunswick County, North Carolina, in an attempt to satisfy a delinquent legal fee owed by Randy D. Salter. Bruce Salter, Randy Salter's father, posted the bond in order to secure his son's release pending sentencing on state drug charges. The district court rejected Bruce Salter's motion to dissolve the attachment. We reverse.
 
 I.
 
 2
 Randy Salter retained Anthony Rand, an attorney with the firm of Rose, Rand, Ray, Winfrey & Gregory, P.A., to represent him in criminal proceedings in the Superior Court for Brunswick County, North Carolina. Rand alleges that Randy Salter agreed to pay a fee of $35,000--$15,000 at the commencement of the representation and $20,000 upon completion of the case. Randy Salter has not paid the balance of the fee owed to Rand.
 
 
 3
 Randy Salter pleaded guilty to the criminal charges pending against him, and, on August 12, 1986, the state court set bond to secure his appearance for sentencing. On August 20, 1986, Bruce Salter, Randy Salter's father, deposited $25,000 with the Clerk of the Superior Court of Brunswick County to secure his son's release. A receipt in the name of Randy Salter was erroneously issued to Bruce Salter by the criminal magistrate, and a release order was executed listing Bruce Salter as surety on the bond.
 
 
 4
 On June 30, 1987, the law firm filed suit in the Superior Court of Cumberland County, North Carolina, against Randy Salter and Bruce Salter seeking to recover the $20,000 delinquent fee. Plaintiff obtained an order of attachment on the bond deposited with the Brunswick County Clerk of Court. See N.C.Gen.Stat. Sec. 1-440.3(1). On August 6, 1987, Bruce Salter, a South Carolina resident, removed the action to federal district court based on diversity of citizenship. See 28 U.S.C. Secs. 1332 & 1441. On October 28, 1987, he moved for summary judgment and to dissolve the attachment, asserting that he posted the $25,000 appearance bond with his own funds. Plaintiff moved for entry of a default judgment against Randy Salter.
 
 
 5
 On June 22, 1988, the district court denied Bruce Salter's summary judgment motion and entered default judgment for plaintiff. On August 17, 1988, the district court denied Bruce Salter's Fed.R.Civ.P. 60(b) motion for relief and ordered the Clerk of the Superior Court of Brunswick County to release to plaintiff $20,000 plus interest and costs from the bond.
 
 
 6
 Bruce Salter appeals.
 
 II.
 
 7
 According to the law of North Carolina, attachment is a proceeding:
 
 
 8
 ancillary to a pending principal action, ... and is intended to bring property of a defendant within the legal custody of the court in order that it may subsequently be applied to the satisfaction of any judgment for money which may be rendered against the defendant in the principal action.
 
 
 9
 N.C.Gen.Stat. Sec. 1-440.1(a). Attachment is available in an action to secure a money judgment, N.C.Gen.Stat. Sec. 1-440.2, and an order of attachment may issue when the defendant in the principal action is a nonresident of North Carolina. N.C.Gen.Stat. Sec. 1-440.3(1).
 
 
 10
 In order to create a lawful attachment, however, the property in question must belong to the defendant debtor. See N.C.Gen.Stat. Secs. 1-440.1(a) & 1-440.4; 7 C.J.S. Attachment Sec. 48 (1980). See also Placer Coal, Inc. v. Rhondale Coal Services Co., 684 S.W.2d 25 (Ky.Ct.App.1984); Garrison General Tire Service, Inc. v. Montgomery, 404 P.2d 143, 146 (N.M.1965). Here, it is undisputed that the appearance bond was purchased by Bruce Salter with his own funds; it therefore could not be used to satisfy Randy Salter's debt to plaintiff.
 
 
 11
 Bruce Salter filed several affidavits with his motion for summary judgment supporting his claim to the funds. An official of the Palmetto Federal Bank in North Augusta, South Carolina, stated that Bruce Salter's wife acquired a $25,000 cashier's check on August 13, 1986. The criminal magistrate of Brunswick County, North Carolina, stated that the cashier's check was used by Bruce Salter to post the $25,000 cash bond on August 20, 1986. The criminal magistrate admitted that he erred by making the bond receipt out to Randy Salter rather than Bruce Salter. Moreover, plaintiff recognizes that Bruce Salter is not obligated to satisfy the underlying debt in this case. Plaintiff states in its complaint that Bruce Salter was named as a defendant in this action merely to determine his interest in the bond proceeds. Bruce Salter's status is therefore akin to that of an intervenor and plaintiff cannot attach Bruce Salter's property in order to satisfy a debt owed by Randy Salter. See Allsbrook v. Azalea Radiator Service, Inc., 316 S.E.2d 743, 744-45 (Va.1984); Hoffman Chevrolet, Inc. v. Washington County Nat. Sav. Bank, 467 A.2d 758, 764 (Md.1983). See also 7 C.J.S. Attachment Sec. 344 (1980).
 
 
 12
 Finally, we cannot agree that plaintiff undertook representation in this case based on Randy Salter's assurances that the balance of plaintiff's fee would be paid from the bond proceeds. Plaintiff began representing Randy Salter in January of 1986. The appearance bond at issue was set by the state court on August 12, 1986, and Bruce Salter deposited the bond funds with the criminal magistrate on August 20, 1986. Plaintiff did not inquire as to the status of the bond until June of 1987 and therefore could not have relied on the criminal magistrate's error in its representation of Randy Salter.
 
 
 13
 In sum, plaintiff presented no evidence to rebut Bruce Salter's assertion that he purchased the bond with his own funds and therefore was entitled to the bond proceeds. Plaintiff cannot attach property which does not belong to the defendant debtor. See N.C.Gen.Stat. Secs. 1-440.1(a) & 1-440.4. See also Dempsey & Spring, P.C. v. Ramsay, 435 N.Y.S.2d 336 (N.Y.App.Div.1981) (plaintiff law firm, seeking to satisfy a delinquent legal fee, could not attach property of which defendant was no longer the owner). The order of attachment should therefore be dissolved and the bond proceeds released to Bruce Salter.
 
 
 14
 REVERSED.