**FRALEY INSURANCE
AGENCY, Appellee,**

v.

**Leo M. JOHNSTON, Appellant.**

**No. 70561.**

Court of Appeals of Oklahoma,
Division No. 3.

Dec. 5, 1989.

Donald W. Henson, Okmulgee, for appellant.

James D. Goodpaster, Tulsa, for appellee.

## MEMORANDUM OPINION

BAILEY, Chief Judge:

Appellant seeks review of the Trial Court's order granting judgment to Appellee on Appellee's application to set aside fraudulent conveyance of real property. In September, 1986, Appellee brought an action against Appellant for recovery of unpaid insurance premiums. In August, 1987, by agreement of the parties, Appellee obtained a judgment against Appellant for the unpaid premiums due, costs and attorneys' fees.

Appellee then sought fulfillment of the judgment, and apparently learned that although Appellant had owned about three-hundred thirty (330) non-homestead acres in Rogers County for many years, Appellant had conveyed all of his interest in the land to his wife by quit-claim deed dated July 1, 1986 (after demand by Appellee, but before institution of Appellee's suit) and filed of record February 18, 1987. Appellee then filed its Application to Set Aside Fraudulent Conveyance of Real Estate and Order of Execution, asserting that Appellant had conveyed his interest in the property to his wife with the intent of hindering and defrauding creditors, particularly Appellee, in violation of the Uniform Fraudulent Transfer Act, 24 O.S.Supp.1989 § 112 et seq. (Act). Appellant filed no response to Appellee's request to set aside.

At trial on Appellee's application, Appellant admitted the debt to Appellee, and that the premium arrearage accumulated over many years. Appellant testified that he had conveyed the subject property to his wife in July, 1986, in satisfaction of a loan previously made to Appellant by wife. Appellant also testified that at the same time, he assigned to his wife all of his mineral interest in the property. Appellee introduced both conveyances showing filing of both in February, 1987. George Fraley, owner of Appellee corporation, testified that Appellant's account had been in substantial arrears for several years, and that he had attempted to collect the arrearage before institution of the lawsuit. Appellant's wife then testified, corroborating that she had made a loan to Appellant from her separate monies, and that Appellant conveyed her the property in satisfaction thereof.

The Trial Court subsequently ruled for Appellee, set aside the conveyance from Appellant to his wife and allowed execution thereon to proceed. The Court subsequently overruled Appellant's motions for new trial and/or for judgment NOV. From that ruling, Appellant asserts (1) error in failure to join Appellant's wife as an indispensable

party to the litigation, and (2) failure of Appellee's proof of the necessary elements of 24 O.S.Supp.1989 § 116 justifying avoidance of the conveyance. As we find the Trial Court erred in failing to join Appellant's grantee as a necessary and indispensable party, we do not reach Appellant's second allegation of error.

While we find no Oklahoma authority specifically denominating proper parties-defendant in an action to set aside a transfer alleged in fraud of creditors, we find that the grantee of real property, as a party claiming an interest in the subject property, is necessary and indispensable to resolution of the case. "In an action to set aside a fraudulent conveyance or transfer of property, the grantee or transferee is an indispensable party, where he still retains the title to the property." 37 C.J.S., *Fraudulent Conveyances*, § 345. This position parallels established Oklahoma law which requires joinder in quiet title actions of parties whose interests in the subject property might be affected or clouded. See, e.g., *Ellis v. Union Oil Co. of California*, 630 P.2d 306 (Okl.1981) (in action to quiet title to accreted land, owner of minerals whose interest might be affected or clouded by action is indispensable party.) Thus, it follows that because Appellant's grantee, as an indispensable party, was not joined in the subject action, the Trial Court's order setting aside the conveyance from Appellant to his non-joined wife must be reversed, and the cause remanded for further proceedings.

The order of the Trial Court setting aside the conveyance from Appellant to his non-joined wife is therefore REVERSED, and the cause REMANDED for further proceedings.

HANSEN, P.J., and REYNOLDS, J., concur.