**STEWART PROPERTIES, INC.**, a Hawaii corporation, Plaintiff–Appellant, v. EDWARD BRENNAN and ROGER LINDUS, Defendants–Appellees

NO. 14401

(CIV. NO. 70248)

MARCH 21, 1991

BURNS, C.J., HEEN, AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

This is an appeal from a summary judgment granted below. Upon a review of the record, *sua sponte*, we raise the issue of appellate jurisdiction.[1] Concluding that we lack jurisdiction, we dismiss the appeal.

I.

On March 23, 1982, Stewart Properties, Inc. (Properties), a Hawaii corporation, the Tenant under a sublease dated April 20, 1981 (Sublease), filed a complaint against Edward Brennan and Roger Lindus (collectively Defendants), the Landlord under the Sublease. The complaint alleged five claims arising from a dispute regarding the Sublease.

On January 2, 1985, Defendants moved to substitute Robert A. Stewart (Stewart) as plaintiff for Properties in the action. A memorandum attached to Defendants' motion stated that (1) Properties had filed a bankruptcy petition; (2) for a consideration of $30,000, Properties' interest in the case at bar was assigned to Stewart; and (3) the bankruptcy court's order provided that Stewart "shall be entitled to any and all recovery [in the case] and shall be liable for all costs and liability, if any, incurred in the prosecution thereof." Record, Vol. 3 at 196. On April 2, 1985, the circuit court entered its order substituting Stewart for Properties "as the real party in interest herein." *Id.* at 248.

---

[1] "[A]ppellate courts are under an obligation to insure that they have jurisdiction to hear and determine each case." *State v. Moniz*, 69 Haw. 370, 372, 742 P.2d 373, 375 (1987).

Subsequently, the circuit court granted a summary judgment in favor of Defendants which Stewart appealed. In that appeal, this court reversed the summary judgment in favor of Defendants and remanded the case for further proceedings. *Stewart v. Brennan*, 7 Haw. App. 136, 748 P.2d 816 (1988).

After remand and following further discovery, on October 25, 1989, Properties (not Stewart) filed a motion for summary judgment. On November 22, 1989, Defendants countered with a cross–motion for summary judgment on Properties' (not Stewart's) claims. On January 11, 1990, the circuit court denied Properties' motion, granted Defendants' motion, and entered a summary judgment in favor of Defendants and against Properties.

Following the denial of Properties' motion for reconsideration, Properties filed a notice of appeal.[2]

## II.

## A.

A well–settled rule is that "only parties to a lawsuit . . . may appeal an adverse judgment[.]" *Marino v. Ortiz*, 484 U.S. 301, 303, 108 S. Ct. 586, 587, 98 L. Ed. 2d 629, 633 (1988) (per curiam). In other words, nonparties, who did not or could not intervene, "are ordinarily denied standing to appeal[.]"[3] 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3902, at 407 (1976).

---

[2] The notice of appeal bears the caption "STEWART PROPERTIES, INC., a Hawaii corporation, Plaintiff, vs. EDWARD BRENNAN and ROGER LINDUS, Defendants," and states that "Stewart Properties, Inc. by and through its attorneys, . . . appeals[.]" Record, Vol. 10 at 221.

[3] The Supreme Court suggests that a nonparty whose interest is affected by a trial court's judgment should seek "intervention for purpose of appeal." *Marino v. Ortiz*, 484 U.S. 301, 303, 108 S. Ct. 586, 587, 98 L. Ed. 2d 629, 633 (1988) (per curiam). A denial of such motion to intervene is appealable. *Id.*

Here, Properties was a party when it commenced the action. However, when the circuit court's order substituted Stewart in place of Properties as a party in interest, Properties became a non-party. The record fails to disclose that Properties subsequently intervened or replaced Stewart as the party plaintiff.

Accordingly, Properties had no standing to appeal in this case. Therefore, appellate jurisdiction cannot be based upon Properties' "appeal."

## B.

At oral argument counsel for the parties indicated that an inadvertent error had occurred below [4] and suggested that a mere change in the caption of the pleadings, by substituting Stewart for Properties, would correct the defects. However, Hawaii Rules of Appellate Procedure (HRAP) Rule 3(c) would still deny us appellate jurisdiction.

HRAP Rule 3(c) provides:

> **(c) Content of the Notice of Appeal.** The notice of appeal shall specify the party or parties taking the appeal and shall designate the judgment, order or part thereof appealed from. Forms 1, 2, and 3 in the Appendix of Forms are suggested forms of notices of appeal. An appeal shall not be dismissed for informality of form or title of the notice of appeal.

---

[4] On July 3, 1989, the former counsel for defendants Edward Brennan and Roger Lindus withdrew from, and the current attorneys entered their appearance in, the case. At oral argument counsel for defendants–appellees stated that he was unaware that there had been a substitution of party plaintiff.

HRAP Rule 3(c) is substantially identical to Rule 3(c) of the Federal Rules of Appellate Procedure.[5] We will therefore consider pertinent federal decisions in construing HRAP Rule 3(c).

In *Torres v. Oakland Scavanger Co.*, 487 U.S. 312, 108 S. Ct. 2405, 101 L. Ed. 2d 285 (1988), the Supreme Court concluded that Rule 3(c) is jurisdictional and must be strictly construed. Thus, the party or parties taking the appeal *must* be specified in the notice of appeal. Because the requirements of Rule 3(c) are jurisdictional, an appellate court may not waive them, even if good cause is shown. 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 203.17[1], at 3–73 (2d ed. 1990).

Even if Stewart is the *de facto* appellant, he is not named in the notice of appeal as the party taking the appeal. Consequently, this appeal must be dismissed because the notice of appeal does not comply with HRAP Rule 3(c). *See Allen Archery, Inc. v. Precision Shooting Equip., Inc.*, 857 F.2d 1176, 1177 (7th Cir. 1988) (a "punctilious, literal, and exact compliance with the requirement in Rule 3(c)" is necessary).

## C.

An appeal in a civil case lies from "final judgments, orders, or decrees[.]" Hawaii Revised Statutes § 641–1(a) (1985). As a general rule, a judgment, order, or decree is final and appealable if it determines *all* rights and liabilities of *all* parties and ends the litigation. *Doe V v. Roe V*, 5 Haw. App. 610, 612, 704 P.2d 940, 942

---

[5] Rule 3(c) of the Federal Rules of Appellate Procedure reads as follows:

(c) **Content of the Notice of Appeal.** The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. Form 1 in the Appendix of Forms is a suggested form of a notice of appeal. An appeal shall not be dismissed for informality of form or title of the notice of appeal.

(1985). Otherwise, the judgment, order, or decree is interlocutory and is not appealable as of right. *TBS Pac., Inc. v. Tamura*, 5 Haw. App. 222, 225–26, 686 P.2d 37, 42 (1984).

The summary judgment in favor of Defendants and against Properties did not decide *all* rights and liabilities of *all* parties in the case. The claims assigned to Stewart against Defendants remain pending below.

Therefore, because the summary judgment was not final and not appealable, this court is without appellate jurisdiction.

Appeal dismissed.

*Harvey M. Demetrakopoulos* (*Edward J. Bybee* and *Nelson S. W. Chang* with him on the briefs; Bybee, Chang & Rulon, of counsel) for plaintiff–appellant.

*James F. Ventura* (*Calvin E. Young* and *Rhonda A. Nishimura* with him on the brief; Libkuman, Ventura, Ayabe, Chong & Nishimoto, of counsel) for defendants–appellees.