868 P.2d 450

**James K. TANAKA, Fusako Tanaka, Petitioners,**

**and**

**Ben T. Tanaka, Defendant,**

v.

**Russell S. NAGATA, Judge, First Circuit Court, State of Hawai'i, and All Lease, Inc., Respondent/Plaintiff.**

**No. 17615.**

Supreme Court of Hawai'i.

Feb. 11, 1994.

George K. Noguchi, Honolulu, on the writ and reply, for petitioners.

Jeffrey Daniel Lau, Keith Y. Yamada and Carina Y. Miyazawa, Honolulu, on the answer, for respondent.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

PER CURIAM.

In this original proceeding, the petitioners James K. Tanaka and Fusako Tanaka (the petitioners) petition this court for an extraordinary writ directing the Honorable Judge Russell Nagata, Judge of the District Court of the First Circuit assigned to serve temporarily as a Judge of the Circuit Court of the First Circuit,[1] to vacate and set aside his order granting a motion for execution on fraudulently transferred asset, entered on October 6, 1993, in *All Lease, Inc. v. Tanaka*, Civil No. 92-2858-08 (*All Lease*), and any subsequent orders related to it. The petitioners contend that they should have been named as party defendants in the *All Lease* action because the subject property was transferred to them and they have an interest in the property.

Upon review of the record before us, we conclude that the petitioners have an interest in the subject property and were indispensable parties in any action to set aside the conveyance to them. Accordingly, we grant the requested relief and vacate the order granting motion for execution on fraudulently transferred asset and any subsequent orders related to it.

## I. *BACKGROUND*

The petitioners are the parents of the defendant Ben Tanaka (Ben). When Ben and his wife, Mari Tanaka (Mari), divorced in 1991, the couple owned a condominium (the property). Mari conveyed her half interest in the property to the petitioners on April 30, 1991. As a consequence, the petitioners owned a one-half interest and Ben owned a one-half interest in the property as tenants in common. On July 15, 1991, the petitioners and Ben entered into an agreement to sell the property to Hakim Properties, Inc. (Hakim Properties) for $432,000.00. Ben quitclaimed his remaining one-half interest in the property to the petitioners on September 18, 1991, purportedly to satisfy debts owed to the petitioners. Because Hakim Properties was unable to obtain financing, the contract for the sale of the property was amended to an agreement of sale, which was executed on October 9, 1992. According to the agreement of sale, Hakim Properties agreed to assume three existing mortgages on the property for which Ben was liable and agreed to pay the petitioners $3,736.67 per month for thirty-six months, beginning on November 5, 1992.

On August 6, 1992, All Lease, Inc. (the respondent) filed the *All Lease* complaint in the circuit court against Ben for default of a vehicle lease agreement. The complaint sought back payments on the lease and repossession of the vehicles. On February 17, 1993, a judgment was entered against Ben in the amount of $67,770.00.

On May 24, 1993, the respondent moved to examine the petitioners about Ben's financial affairs and was granted leave to question them regarding the transfer of the property. Unable to collect the judgment from Ben, the respondent filed a motion for execution on fraudulently transferred asset on September 3, 1993. In the motion, the respondent alleged that the petitioners were not the actual owners of the property because there was no consideration for the transfer and the transfer was made to the petitioners in contemplation of avoiding Ben's debt.[2] The petitioners

---

1. By order of the Chief Justice dated August 27, 1993. *See* Article VI, § 2 of the Hawai'i Constitution (1978).

2. The Uniform Fraudulent Transfer Act is codified under Hawai'i Revised Statutes (HRS) ch. 651C (1985). HRS § 651C-4(a)(2) provides in relevant part:

 § *651C-4 Transfers fraudulent as to present and future creditors.* (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made and the obligation was incurred, if the debtor made the transfer or incurred the obligation:
 . . . .

 (2) Without receiving a reasonably equivalent value in exchange for the transfer of obligation, and the debtor:
 (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small to the business or transaction; or
 (B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.
 HRS § 651C-7 provides in relevant part:
 *Remedies of creditors.* (a) In any action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations provided in section 651C-8, may obtain:

were not named as parties, but the respondent did serve them with notice of the hearing. Although Ben filed no opposition, his attorney appeared at the hearing on September 24, 1993 to request a continuance. The circuit court denied the continuance and granted the respondent's motion. On October 6, 1993, the circuit court entered the order granting the respondent's motion for execution of fraudulently transferred asset that decreed as follows:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Execution on Fraudulently Transferred Asset be and is hereby granted;
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff is allowed to execute on the receivables of James K. Tanaka and Fusako Tanaka arising out of their Agreement of Sale to Hakim Properties, Inc. dated October 9, 1992 relating to the sale of Apt. 601, Punahou Palms condominium and to credit any monies received thereunder to the outstanding Judgment in favor of Plaintiff and against Defendant Ben T. Tanaka.

The circuit court subsequently issued a garnishee summons and order and directed Hakim Properties to hold all debts owed to the petitioners and to make the monthly payments to the respondent. Although the petitioners were not parties to the action, they nevertheless filed a motion for reconsideration. The motion was denied, and the petitioners filed the instant petition.

## II. *STANDARD FOR DISPOSITION*

 This court has consistently held that a writ of mandamus is an extraordinary

remedy that is usually not issued unless the petitioner demonstrates: (1) a clear and indisputable right to relief; and (2) a lack of other means adequately to redress the alleged wrong or obtain the requested action. *Breiner v. Takao,* 73 Haw. 499, 502, 835 P.2d 637, 640 (1992) (citations omitted). Such writs are neither meant to supersede the legal .discretionary authority of the lower courts nor to serve as legal remedies in lieu of normal appellate procedure. *State ex rel. Marsland v. Town,* 66 Haw. 516, 668 P.2d 25 (1983). Mandamus is an appropriate remedy where the petitioners, as in the instant proceeding, have an indisputable right to defend their interest in property, have not been named as parties to the lower court action, and have no remedy by way of appeal. *See Stewart Properties, Inc. v. Brennan,* 8 Haw. App. 431, 807 P.2d 606 (1991) (only parties to a lawsuit may appeal from any adverse judgment).[3]

## III. *DISCUSSION*

The petitioners argue that: (1) they were denied due process when their property was taken without notice and an opportunity to be heard; (2) the circuit court had no authority to issue the disputed order because the petitioners were not named as parties to the *All Lease* action; and (3) there is no alternative to a writ because the petitioners were not parties to the proceedings below and have no remedy by way of appeal. The respondent acknowledges that the petitioners were not parties to the action, but contends that it was unnecessary to name the petitioners as parties because: (1) the evidence established conclusively that the property was fraudulently transferred;[4] and (2) any pro-

---

(1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;

. . . .

(b) If a creditor has obtained a judgment on a claim against the debtor, the creditor may, if the court so orders, levy execution on the asset transferred or ·its proceeds.

HRS § 651C–8 delineates the defenses, liability, and protection accorded to transferees. The petitioners are transferees in the instant case.

**3.** In *Stewart Properties,* the ICA suggested that a non-party whose interest is affected by a trial court's judgment should seek intervention for the

purposes of appeal and that a denial of such a motion to intervene would be appealable. *Stewart Properties,* 8 Haw.App. at 433 n. 1., 807 P.2d at 607 n. 1. (citing *Marino v. Ortiz,* 484 U.S. 301, 303, 108 S.Ct. 586, 587, 98 L.Ed.2d 629 (1988)). In the present case, the petitioners, who were not represented by counsel until after the respondent's motion was granted, did not move to intervene. We decline, under these circumstances, to require them to have intervened.

**4.** Although the circuit court did not specifically find that the conveyance from Ben to the petitioners was fraudulent, that finding is implicit in

ceeds from the sale of the property belonged to Ben and not to the petitioners. The respondent also contends that the petitioners have a remedy against Ben and that relief by way of mandamus is therefore not warranted.

### A. The Respondent Should Have Filed A Separate Action Against The Petitioners In Their Attempt To Set Aside The Alleged Fraudulent Transfer.

Although there is no recent Hawai'i authority expressly denominating the necessary parties to an action to set aside an alleged fraudulent transfer, our territorial court noted that, in this jurisdiction, a transfer to defraud a creditor is void as to the creditor and the question whether the transfer was bona fide may be adjudicated in an action at law; in order to do so, however, it is clearly necessary to have the alleged fraudulent transferee before the court in order to bind him. *Hoffschlaeger Co. v. Jones,* 24 Haw. 74 (1917) (citations omitted). Although the statement regarding a transferee in *Hoffschlaeger* is dictum, it is consistent with decisions from courts in other jurisdictions that have ruled that a grantee or transferee of property, who claims an interest therein, is a necessary and indispensable party to the resolution of a claim of fraudulent transfer. *See, e.g., Simmons v. Clark Equipment Credit Corp.,* 554 So.2d 398, 399 (Ala.1989) (grantee who retained title to property was necessary party to action by grantor's creditors to set aside conveyance as fraudulent); *T W M Homes, Inc. v. Atherwood Realty & Investment Co.,* 214 Cal.App.2d 826, 847, 29 Cal. Rptr. 887, 899 (1963) (transferees were necessary party defendants in action to set aside fraudulent conveyance); *Guice v. Modica,* 337 So.2d 302, 303 (La.App.1976) (children to whom debtor made donation of property were indispensable parties to suit by creditor to nullify donation); *Mihajlovski v. Elfakir,* 135 Mich.App. 528, 535, 355 N.W.2d 264, 267 (1984) (presence of grantee who retains title to property was essential to permit court to

render complete relief in action to set aside fraudulent conveyance); *Murray v. Murray,* 358 So.2d 723, 725 (Miss.1978) (grantee is necessary party in action to set aside fraudulent conveyance); *Dempsey & Spring, P.C. v. Ramsay,* 79 A.D.2d 1017, 1018, 435 N.Y.S.2d 336, 337 (1981) (trial court acted improperly in determining that defendant's conveyance of property to his daughter was fraudulent where no notice or opportunity to appeal was afforded to daughter, who was present owner of record); *Fraley Ins. Agency v. Johnston,* 784 P.2d 430 (Okl.App.1989) (in action to set aside fraudulent conveyance or transfer of property, grantee or transferee claiming interest in subject property was necessary and indispensable to resolution of claim); *Becker v. Becker,* 138 Vt. 372, 380, 416 A.2d 156, 162 (1980) (transfer of property creates interest in grantee that made grantee necessary party to action for fraudulent conveyance, even though no fraud on grantee's part needed to be shown); *see also* Kennedy, *Reception of the Uniform Fraudulent Transfer Act,* 43 S.C.L.Rev. 655, 673 (1992) (to avoid constitutional due process objections, any transferee or other claimant to property transferred or its proceeds should be party to any creditor's action that would affect claimant's rights in property).

■ We agree with the authority cited above, reaffirm the dictum in *Hoffschlaeger,* and hold that where a creditor alleges a fraudulent transfer of property from a judgment debtor to a transferee who retains title to the subject property or who claims an interest in the property or its proceeds, the transferee is a necessary party to any action seeking to set aside the transfer.[5] Such an action for relief against a transfer alleged to be fraudulent should be brought pursuant to Hawai'i Revised Statutes (HRS) ch. 651C (1985), *see supra* n. 2, and should expressly name the alleged fraudulent transferees as defendants. Our holding is consistent with established Hawai'i law regarding the naming of parties in property disputes. *Cf. Ros-*

the court's order that allowed the respondent to execute on the proceeds that the petitioners had received.

5. Although the petitioners sold the property by way of agreement of sale to Hakim Properties,

they remain the titleholders of the property until the payments under the agreement of sale are completed in 1995. The petitioners also have a claim to the monthly proceeds from the sale of the property.

*siter v. Rossiter,* 4 Haw.App. 333, 337, 666 P.2d 617, 620 (1983) (record owner of property was necessary and indispensable party to action affecting her interest in property, and family court had no jurisdiction to adjudicate questions affecting title to property where record owner not named as party). Fundamental principles of due process require that transferees who claim an interest in real property or its proceeds have a full and fair opportunity to contest claims of fraudulent transfer. Because the respondent resorted to an improper vehicle for establishing a fraudulent transfer, the order granting the respondent's motion to execute on fraudulently transferred asset must be vacated.[6]

### B. *The Petitioners Have No Alternative Remedy To A Writ.* ·

■ Contrary to the respondent's contention, the petitioners have no alternative remedy to a writ. As the circuit court ruling now stands, the petitioners have no right to appeal because they were not parties to the *All Lease* action. *See Stewart Properties, Inc.,* 8 Haw.App. at 433, 807 P.2d at 607 (only parties to a lawsuit may appeal from an adverse judgment). The circuit court allowed the petitioners to file a motion for reconsideration, but this action alone did not make them parties to the proceedings. Furthermore, it is questionable whether a non-party could even file such a motion in a pending action. However, as we have noted, after the disputed order is vacated, the respondent can file an action under HRS ch. 651C naming the petitioners as defendants. It is possible that the circuit court may conclude that the respondent is entitled to garnish the payments that Hakim Properties makes to the petitioners. Should it do so, the petitioners, as named defendants, would then have a remedy by way of appeal.

### IV. *CONCLUSION*

For the foregoing reasons, we direct Judge Nagata, the administrative judge of the First Circuit Court, or the latter's designee, to vacate the October 6, 1993 order granting the

respondent's motion for execution on fraudulently transferred asset and any subsequent orders related to it. ·

---

6. By issuing this opinion, this court renders no decision on the respondent's allegation that Ben transferred the subject property to the petitioners to avoid payment of the respondent's judgment against Ben.