# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CHRISTOPHE JORCIN, AN INDIVIDUAL,<br><br>      Appellant,<br>   vs.<br>PETER ELIADES, AN INDIVIDUAL,<br>      Respondent. | No. 78463<br><br>**FILED**<br><br>SEP 2 0 2019<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY _____<br>  DEPUTY CLERK |

## ORDER DISMISSING APPEAL

This is an appeal from an order denying a motion to set aside judgment under NRCP 60(b). Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Respondent has moved to dismiss the appeal on the grounds that (1) appellant Christophe Jorcin is not the party against whom the order appealed from was entered and that he has no standing to pursue this appeal,[1] and because (2) the parties against whom the order was entered - Goldy, LLC, CJOG Operating Company, LLC, CJOG Auto Operating Company, LLC, and CMJ-OP, LLC (the LLCs) - are not named in the notice of appeal or case appeal statement. Appellant opposes the motion, arguing that the failure to include the LLCs in the notice of appeal and case appeal statement was an inadvertent clerical error that should be corrected. Respondent has filed a reply.

---

[1]Jorcin was not a movant with respect to the NRCP 60(b) motion to set aside judgment, nor is he a judgment debtor with respect to that particular judgment. Accordingly, he is also not aggrieved by the order. *See* NRAP 3A(a); *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 874 P.2d 729 (1994). Jorcin is a judgment debtor with respect to a separate monetary judgment which is not the subject of this appeal.

19-39346

NRAP 3(a) provides that an appeal shall be taken by filing a notice of appeal in the district court within the time provided by NRAP 4. Under NRAP 4(a)(1), the notice of appeal is due no later than 30 days after written notice of the judgment or order's entry is served.[2] This court may not enlarge the time for filing a notice of appeal. NRAP 26(b). Additionally, NRAP 3(c) requires the notice of appeal to specify the party or parties taking the appeal.

The LLCs may not be added as appellants in this appeal. The LLCs were not named as appellants in the notice of appeal. By the time respondent filed its motion to dismiss, the time period for appealing had passed. Exercising jurisdiction over a party not named in the notice of appeal after the appeal period has passed is tantamount to extending the appeal period, which this court cannot do.[3] *See* NRAP 26(b)(1)(A) ("the court

---

[2]Written notice of entry of the order appealed from was served electronically on March 4, 2019. Jorcin filed the notice of appeal on March 26, 2019.

[3]*See Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988) (holding that a federal appellate court lacked jurisdiction over a party not specified in the notice of appeal in accordance with FRAP 3(c)). At the time the Court decided *Torres*, FRAP 3(c)'s requirement that the notice of appeal "shall specify the party or parties taking the appeal" was identical to NRAP 3(c). Thus, *Torres* is strong persuasive authority. *See Stewart Props., Inc. v. Brennan*, 807 P.2d 606, 608 (Haw. Ct. App. 1991) (considering pertinent federal decisions in construing Hawaii Rule of Appellate Procedure 3(c) that was substantially similar to FRAP 3(c)). Although FRAP 3(c) was amended in 1993 to provide that an appeal would not be dismissed for failure to name a party whose intent to appeal is otherwise clear from the notice, NRAP 3(c) has not been similarly amended.

SUPREME COURT
OF
NEVADA

(O) 1947A

may not extend the time to file a notice of appeal except as provided in Rule 4(c)"). Moreover, this court has consistently held that the proper and timely filing of a notice of appeal is mandatory and jurisdictional. *See Rust v. Clark Cty. School District*, 103 Nev. 686, 688, 747 P.2d 1380, 1382 (1987); *see also Mahaffey v. Investor's Nat'l Security*, 102 Nev. 462, 725 P.2d 1218 (1986). And with respect to timeliness issues, the court has adhered to bright-line jurisdictional rules and refused to apply the rules on an ad hoc basis. *Rust*, 103 Nev. at 689-90, 747 P.2d at 1382-83. Christophe Jorcin has no standing to pursue this appeal, the LLCs are not parties to the appeal. The motion to dismiss is granted, and this court

ORDERS this appeal DISMISSED.[4]

_____, J.
Hardesty

_____, J.       _____, J.
Stiglich                                         Silver

cc:     Hon. Susan Johnson, District Judge
        Jay Young, Settlement Judge
        Brandon L. Phillips, Attorney At Law, PLLC
        Bailey Kennedy
        Eighth District Court Clerk

---

[4]Appellant's motion for an extension of time to file the docketing statement, request for transcripts, and an amended case appeal statement is denied as moot.